**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Erick Sanchez,<br><br>                      *Plaintiff*,<br>-against-<br><br>514 Hudson Grocery & Deli Corp, Mina Kandil, and Angie Tamer,<br><br>                      *Defendants*. | Civil Action No.<br><br>**FLSA COLLECTIVE and RULE 23 CLASS ACTION COMPLAINT** |

## NATURE OF THE ACTION

1. Plaintiff ERICK SANCHEZ ("Plaintiff") alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that defendants 514 HUDSON GROCERY & DELI CORP, MINA KANDIL, and ANGIE TAMER ("Defendant") failed to pay Plaintiff the required overtime pay of time and one-half for hours worked in excess of forty hours per week. Plaintiff is entitled to recover from Defendant: (1) unpaid overtime compensation; (2) liquidated damages on those amounts; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL," the is entitled to recover from Defendant: (1) unpaid wages including minimum wage, unpaid overtime compensation, and unpaid tips received by employer; (2) liquidated damages for untimely wage payments; (3) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; and (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and

1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Defendant maintains a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## STATEMENT OF FACTS

5. Erick Sanchez is an adult, individual residing in Bronx, NY at all relevant times.

6. Defendants operate at least two and possibly more delis in New York City. The delis sell coffee, prepared foods, groceries, and convenience items: (1) Hudson Grocery & Deli, telephone number 646-719-1227, 514 Hudson Street, New York, NY 10012 and (2) Houston Village Farm, 61 1st Avenue, New York, NY 1003, 212-475-8048.

7. The two stores combined employ at least 20 individuals at all relevant times.

8. Plaintiff started working for Defendants at the end of July 2022 at Hudson Grocery & Deli.

9. He got the job responding to a craigslist ad.

10. He was assigned to work varied hours in the first week-10 days with the employer assigning him days, starts time and end times on an ad hoc basis. He then began to work a regular schedule of 6 days per week from 6am to 6pm, with that schedule varying occasionally to accommodate the needs of the business.

11. He was hired by defendant Mina Kandil also known to him as Mina Gamal among other names. Mina was a male age approx. 40 living in Staten Island and having a phone number of 201-388-5329.

12. During the employment he was introduced to Angie Tamer or Gamal (201-463-2478 - age approx. 30; lives in Staten Island) who functioned as a day to day

supervisor and was responsible for among other things supervising his work and giving him his schedule.

13. Angie around October 2022 told Plaintiff the business needs him to work at Houston Village Farm. He was then assigned to work 5 days at Houston and 1 day at Hudson. He continued working a regular schedule of 6am to 6pm.

14. Around February 2023, his hours changed with his hours being reduced first his shifts being shortened and then his shifts per week being reduced. At one point he was done working shortened shifts and only 3 shifts per week.

15. At the beginning of the employment he was paid $12 per hour. Approximately 10 days in he got a raise to $13. In February/March 2023 he got a raise to $13.50.

16. He was paid in cash

17. He was not provided any paystubs.

18. He was not provided any wage notice.

19. Customers left credit card tips for instore purchases. Plaintiff at all relevant times was involved in serving customers for instore purchases. The employer allowed Plaintiff and other employees to retain cash tips from customers for instore purchases but for credit card tips, the employer kept that for itself.

## CLASS ACTION ALLEGATIONS

20. Plaintiff sues on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

21. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiffs also bring this action on behalf of a "Proposed Rule 23 Class," under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

All current and former hourly employees of Defendants, 10462 for the six-year period prior to the filing of the complaint.

22.     The Class Period is further expanded to account for all claims made timely by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar orders, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

23.     Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Based on Plaintiff's observations while working for Defendants and available public information, there are a minimum of 400 members of the proposed class. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

24.     The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

25.     The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

26. Plaintiff has committed himself to pursuing this action and have retained counsel experienced in employment law and class action litigation.

27. Plaintiff will fairly and adequately protect the interests of the Proposed Class.

28. Plaintiff understand that, as class representatives, they assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

29. Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, they must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

30. Plaintiff have the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

31. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

   a. Whether the Defendants employed Plaintiff and the Class members within the meaning of the FLSA;

   b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. What hourly was the employee's hourly rate;

e.  Whether the Defendants failed to pay the employee the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.  Whether the Defendants failed to pay the employee the required minimum wage for all hours worked;

g.  What were the employees' duties;

h.  Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

i.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements;

j.  Whether the Defendants paid the employee spread of hours pay for days that they worked in excess of ten hours;

k.  Whether the Defendants took daily $5 wage deductions for transportation costs, or took any other unlawful deductions from the employee's pay; and

l.  Whether the Defendants provided compliant annual wage notices and periodic wage statements to the employee.

## STATEMENT OF CLAIM

### COUNT I

### Violation of the Fair Labor Standards Act

32.  Plaintiff realleges and re-avers each and every allegation and statement contained in the preceding paragraphs.

33. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

36. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

37. Plaintiff was entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

38. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

39. Defendant failed to pay minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

40. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

41. At all relevant times, Defendant had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

42. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week,

when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed Collective.

43. Defendant has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

44. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

45. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and is entitled to liquidated damages pursuant to the FLSA.

46. Due to the reckless, willful and unlawful acts of the Defendant, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

47. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### Violation of the New York Minimum Wage Act

48. Plaintiff realleges and re-avers each and every allegation and statement contained in the preceding paragraphs.

49. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

50. Defendant knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek, failing to provide overtime premium for hours in excess of 40, and

failing to turn over tips that were paid by customers for instore purchases and intended for the deli's staff.

51. The illegally retained tips constitute earned wages and their retention constitute an illegal deduction under the NYLL and its enacting regulations.

52. Defendant failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

53. Defendant failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations.

54. Defendant failed to keep true and accurate records of hours worked by Plaintiff, and the wages paid to Plaintiff, and other similar information in contravention of New York Labor Law § 661.

55. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours and illegally retained gratuities. Plaintiff is also entitled to reasonable attorneys' fees, costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

56. Plaintiff is entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III

### Violation of the New York Labor Law – Unpaid Spread of Hours Premium

57. Plaintiff realleges and re-avers each and every allegation and statement contained in the preceding paragraphs.

58. Defendants knowingly and willfully operate their business with a policy of not paying "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

59. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

60. At all times relevant to this action, Plaintiff worked a spread of hours of more than ten (10) hours in a day for some or all days but Defendants failed to pay him an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq., including 12 NYCRR § 142.

61. Under the NYLL, an employee is entitled to earn an additional hour of pay at the "basic minimum hourly rate" for each day on which that employee works more than ten hours. 12 N.Y.C.R.R. § 142-2.4.

62. Spread of hours is defined as the length of the interval between the beginning and end of an employee's workday," which "includes working time plus time off for meals plus intervals off duty.

63. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendants, unpaid spread of hours compensation, maximum liquidated damages, prejudgment interest, and attorneys' fees and costs of the action, pursuant to NYLL § 663(1).

## COUNT IV

## Violation of the New York Labor Law's Annual Wage Notice and Periodic Wage Statements Provisions

64. Plaintiff realleges and re-avers each and every allegation and statement contained in the preceding paragraphs.

65. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

66. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

67. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

68. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

69. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars each day that Defendant failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

70. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

A. declaring that the acts and practices complained of herein are in violation of the FLSA and the NYLL;

B. awarding Plaintiff all unpaid wages due as a result of Defendants' violations of the minimum wage provisions of the FLSA and the NYLL;

C. awarding Plaintiff all unpaid wages due as a result of Defendant's violations of the overtime provisions of the FLSA and the NYLL and the provisions concerning gratuities in the NYLL;

D. awarding Plaintiff liquidated damages under 29 U.S.C. § 216(b);

E. awarding Plaintiff liquidated damages under NYLL § 663;

F. awarding Plaintiff and the Class Members liquidated damages as provided for in NYSLL § 198;

G.   awarding Plaintiff an additional hour's pay at the minimum wage rate for each day on which Plaintiff worked ten or more hours, as provided in 12 NYCRR § 142-2.4 and NYSLL § 663;

H.   awarding Plaintiff liquidated damages for all spread of hours pay pursuant to NYSLL § 663;

I.   awarding Plaintiff statutory damages per day/ week for each day/week Defendants failed to provide appropriate notification pursuant to NYSLL § 195;

J.   reasonable attorneys' fees and costs incurred in the prosecution of this action;

K.   prejudgment interest on all amounts; and

L.   granting such other and further relief as this Court deems proper.

## JURY DEMAND:

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE AS OF RIGHT BY A JURY.

Dated:   New York, NY
         November 7, 2023

                                        **LAW OFFICE OF MOHAMMED GANGAT**

                                        _____
                                        Mohammed Gangat, Esq.
                                        675 Third Avenue, Suite 1810,
                                        New York, NY 10017
                                        mgangat@gangatpllc.com
                                        718-669-0714